IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMEER AZIZ,
    Petitioner

v.      CIVIL NO. 1:12-CV-673

ATTORNEY GENERAL OF THE
UNITED STATES, *et al.*,
    Respondents

*M E M O R A N D U M*

*I.    Introduction*

Presently before the court is Ameer Aziz's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently detained at York County Prison by Immigration and Customs Enforcement ("ICE"). In the pending petition, Petitioner challenges his detention on the basis that it violates the Immigration and Nationality Act ("INA") and the U.S. Constitution. Petitioner requests release or, in the alternative, a hearing, or reinstatement of an $18,000 bond.

Additionally, Petitioner, who is subject to a final order of removal, has filed a motion to stay removal (Doc. 19). Petitioner has also moved to expedite our consideration of his habeas petition. Each of these motions is presently ripe for the court's review.

*II.    Background*

Petitioner Ameer Aziz, a native and citizen of Guyana, was admitted to the United States as a lawful permanent resident in 1985 and has resided in the U.S. since that time. Petitioner's criminal history consists of a variety of convictions dating back as far as 1991. Petitioner's 1996 conviction for Carrying a Loaded Weapon

Without a License and Carrying a Loaded Weapon on the Street or in Public led to a charge of removability under 8 U.S.C. § 1227(a)(2)(C), or INA § 237(a)(2)(C).[1] Petitioner's removal was ordered by the Philadelphia Immigration Court on October 26, 1998, and affirmed by the Board of Immigration Appeals ("BIA") on June 27, 2002.

In 2004, Petitioner filed a habeas corpus petition in the U.S. District Court for the Eastern District of New York, and the District Court granted the petition, which prompted the BIA to reopen the case and remand it to the immigration court, to afford Petitioner an opportunity to seek cancellation of removal. On June 18, 2004, the Department of Homeland Security ("DHS") filed additional charges of removability under 8 U.S.C. § 1227(a)(2)(A)(ii), based on a more recent criminal conviction.[2] The immigration court released Petitioner from custody on an $18,000 bond. On November 16, 2006, the immigration court found Petitioner to be removable and denied his application for cancellation of removal. This decision was affirmed by the BIA on May 28, 2008.

Hence, since May of 2008, Petitioner has been subject to a final order of removal. On January 24, 2011, ICE sent a letter to Petitioner's last known address, directing him to report to ICE for removal. However, Petitioner failed to surrender for removal. ICE took him into custody on October 18, 2011.

---

[1] Under 8 U.S.C. § 1227(a)(2)(C), a non-citizen is deportable if he is convicted of "own[ing], possess[ing], or carry[ing] any weapon, part, or accessory which is a firearm or destructive device..."

[2] Under 8 U.S.C. § 1227(a)(2)(A)(ii), or INA § 237(a)(2)(A)(ii), a non-citizen is removable if he "is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct..." The first conviction forming the basis of Petitioner's removability under this subsection was a 1995 Pennsylvania conviction for recklessly endangering another person, and the second was a 2002 New York conviction for reckless endangerment in the second degree. (Doc. 14, Exh. U at 2).

III.     *Discussion*

   A.     *Habeas Corpus Petition*

Petitioner argues that his detention violates the INA and the U.S. Constitution—specifically, the due process clause of the Fifth Amendment. Petitioner also challenges the constitutionality of 8 U.S.C. § 1226(a) and (c).[3] In a supplement to his habeas corpus petition, Petitioner asks the court "to vacate a forfeiture order" and to reinstate a "bond that was breached because of improperly issued notice..." (Doc. 13 at 1).

Respondents contend that Petitioner's claims must fail because, under 8 U.S.C. § 1231(a), ICE has the authority to detain aliens in his circumstances. We agree. As noted above, Petitioner was found to be removable under 8 U.S.C. § 1227(a)(2)(A)(ii), or INA § 237(a)(2)(A)(ii). 8 U.S.C. § 1231(a)(2) specifically requires the government to detain an alien who has been found to be deportable under § 237(a)(2). Hence, ICE is properly detaining Petitioner.

Furthermore, we reject Petitioner's contention that his detention is unduly prolonged. 8 U.S.C. § 1231(a)(1)(C) permits the government to extend the removal period and keep the alien in detention if the alien acts to prevent his removal. In this case, Petitioner halted his removal by filing an untimely appeal to the Second Circuit

---

[3] Petitioner asserts that 8 U.S.C. § 1226 applies in this case because his removal has been stayed pending judicial review. But in fact, his removal has not been stayed. Rather, the government agreed not to remove him, in accordance with a forbearance policy, while his motion for a stay was pending. However, no stay was granted, and 8 U.S.C. § 1226 does not govern this case.
    8 U.S.C. § 1231 is the applicable statute, because Petitioner is subject to a final order of removal. His removal order became final when the BIA affirmed it in May of 2008. Thus, Petitioner's arguments concerning 8 U.S.C. § 1226 are not pertinent and require no further discussion.

3

Court of Appeals. Hence, there is nothing improper about the length of time that ICE has detained Petitioner pending his removal.

We also reject Petitioner's due process challenge. The record contains ample evidence of individualized review of Petitioner's case to determine whether his detention is justified. Petitioner actively litigated his case, not only in immigration courts, but also through the appeals process, and by seeking habeas corpus review in U.S. District Courts. Furthermore, ICE regularly provides Petitioner with individualized reviews of his custody. (See, e.g., Doc. 17, Exh. A.) We find no basis to conclude that these procedures fall short of the process guaranteed by the due process clause.

Finally, we turn to Petitioner's request for a bond hearing or reinstatement of his bond. Petitioner has failed to establish entitlement to any such relief. 8 U.S.C. § 1231(a) does not provide aliens with a right to a hearing or a bond. To the contrary, it requires the government to detain certain aliens during a removal period. Beyond that removal period (which may be a 90-day period, or may be extended under certain circumstances), it is within the government's discretion to release or to continue detaining the alien. See 8 U.S.C. § 1231(a)(6). We find no reason to grant Petitioner's requests concerning his bond.

For all of these reasons, we conclude that Petitioner's detention is lawful. It is authorized by statute, and it does not run afoul of the Constitution. We will therefore deny the pending petition for a writ of habeas corpus.

### B. Motion to Stay Removal

On July 13, 2012, Petitioner filed a motion (Doc. 19) asking this court to stay his removal pending our decision on his habeas corpus petition. We could deny this motion as moot, in light of the fact that the habeas corpus petition is no longer pending after the issuance of this opinion. However, we also note the following.

As Respondents correctly remark in their brief opposing the motion to stay (Doc. 21), we lack authority to grant the requested stay. 8 U.S.C. § 1252(a)(5) specifically provides that petitioning for review in the appropriate court of appeals is "the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act..." and § 1252(b)(9) and § 1252(g) both reiterate that no other provision of law, including habeas corpus under § 2241, gives jurisdiction to any other court to review orders of removal. The appropriate court of appeal has exclusive jurisdiction to review removal orders.

In this case, the Second Circuit has denied a motion to stay removal. We lack jurisdiction to review the order of removal. Accordingly, we will deny Petitioner's motion to stay.

### C. *Motion to Expedite*

On August 16, 2012, Petitioner filed a document with the court entitled "Petition to Expedite/Complaint" (Doc. 22). In this document, Petitioner complains that Respondents have, on multiple occasions, submitted briefs or other documents to the court without notifying Petitioner. He requests that the court "look into this matter" and "expedite proceedings." (Doc. 22 at 1). In light of the fact that this opinion resolves all proceedings in the instant case, and leaves no outstanding issues for further briefing, we will deny this motion as moot.

*IV.     Conclusion*

      For the reasons set forth above, we will deny the pending petition for a writ of habeas corpus (Doc. 1).  We will also deny Petitioner's motion to stay (Doc. 19), and deny as moot his  motion to expedite (Doc. 22).  We will issue an appropriate order.

                                       /s/ William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge

Date: October 22, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMEER AZIZ,
    Petitioner

v.      CIVIL NO. 1:12-CV-673

ATTORNEY GENERAL OF THE
UNITED STATES, *et al.*,
    Respondents

## *O R D E R*

AND NOW, this 22nd day of October, 2012, upon consideration of Ameer Aziz's petition (Doc. 1) for a writ of habeas corpus, and upon further consideration of Petitioner's motion to stay (Doc. 19) and motion to expedite (Doc. 22), and for the reasons stated in the foregoing memorandum, it is ORDERED as follows:

    1.    The habeas corpus petition (Doc. 1) is DENIED.

    2.    The motion to stay (Doc. 19) is DENIED.

    3.    The motion to expedite (Doc. 22) is DENIED as MOOT.

    4.    The Clerk of Court is directed to close this case.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge